# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

$\mathfrak{Supreme}$ $\mathfrak{Court}$ $\mathfrak{of}$ $\mathfrak{Kentucky}$ FINAL

2017-SC-000234-MR

DATE 2/8/18 Kim Redmon, DC

JOHNNY BURCHETT                                      APPELLANT

ON APPEAL FROM CLINTON CIRCUIT COURT
V.        HONORABLE DAVID L. WILLIAMS, JUDGE
NO. 16-CR-00060

COMMONWEALTH OF KENTUCKY                             APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

In June of 2016, Appellant, Johnny Burchett, was living with his mother, Arlene Burchett, in Clinton County, Kentucky. On June 14, 2016, a Federal Express package addressed to Appellant was delivered to Arlene's house. After Appellant opened the parcel, Arlene observed that it contained drugs. Soon thereafter, she contacted her pastor, Brother Ted Burchett. Bro. Burchett and Arlene then informed the police that Appellant was in possession of drugs. While searching Arlene's residence, investigating officers discovered nearly a pound of methamphetamine in an open package located in Appellant's bedroom. Appellant was subsequently arrested and questioned by the police.

Appellant cooperated with the police and informed them that he received the package from someone named Hector in Arizona. Appellant stated that he was going to sell the meth and then send some of the proceeds to Hector as payment. Appellant worked with the Kentucky State Police (KSP) and authorities in Arizona in order to catch Hector. However, Appellant backed out of the deal immediately before KSP was scheduled to contact Hector.

Appellant was tried and convicted by a Clinton County Circuit Court jury of first-degree trafficking in a controlled substance (TICS), and for being a second-degree persistent felony offender (PFO). The jury recommended a total sentence of twenty years' imprisonment, which was imposed by the trial court. Appellant now appeals his judgment and sentence as a matter of right pursuant to § 110(2)(b) of the Kentucky Constitution.

## Trial Testimony

Appellant raises only one issue on appeal. He argues that during his cross-examination by the Commonwealth, the court erred by permitting the prosecutor to ask him whether his mother, Arlene, was lying. This issue arose after Appellant's testimony directly contradicted Arlene's testimony. The prosecutor asked him twice whether Arlene lied. Each time, Appellant provided an evasive response. The judge instructed Appellant to answer the question. Appellant stated that Arlene made a "mistake" and that she testified falsely to protect his sister.

Appellant failed to object to this line of questioning and the judge's instruction to answer the question. Because this issue was not properly

preserved, we will review for palpable error. *See* RCr 10.26; and *McCleery v. Commonwealth*, 410 S.W.3d 597, 606 (Ky. 2013) (we will not reverse unless "it can be determined that manifest injustice, i.e., a repugnant and intolerable outcome, resulted from that error.").

In *Moss v. Commonwealth*, we stated that "[a] witness should not be required to characterize the testimony of another witness, [] as lying." 949 S.W.2d 579, 583 (Ky. 1997). Therefore, we agree that it was error for the trial court to require Appellant to answer the question posed—whether Arlene lied during her testimony. We condemn this practice especially in this case because the Appellant was being placed in the unsavory position of calling his own mother a liar. However, we cannot say that this error rises to the level of manifest injustice, nor is there any indication that the result would have been different had the contested questioning not occurred. The Commonwealth presented significant evidence in support of its case. Arlene testified that the package her son received contained drugs. Sheriff Jim Guffey testified that he discovered the package containing methamphetamine in Appellant's bedroom. KSP Detective George Atwood testified about Appellant's cooperation in the sting operation to catch "Hector." As a result, Appellant confessed to the crime.

At trial however, Appellant testified that the package did not belong to him. He stated that he did not open the package and did not know what was inside. Therefore, the prosecutor's contested questioning was intended to rebut Appellant's defense—i.e., that he was falsely accused. We have

3

previously held that such errors are not palpable. *E.g., Newman v. Commonwealth,* 366 S.W.3d 435, 442 (Ky. 2012). Similarly, there was no palpable error here.

## Conclusion

For the foregoing reasons, we hereby affirm the judgment of the Clinton Circuit Court.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Samuel N. Potter
Department of Public Advocacy

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Bryan Darwin Morrow
Assistant Attorney General

4